IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMEENA AZHAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 10390 |
| | ) |
| THE UNIVERSITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

With the University of Chicago (the "University") having been substituted for its mistakenly named Board of Trustees as the defendant in this action brought by Sameena Azhar ("Azhar"), the University has now completed the briefing on its motion to dismiss Count III of Azhar's Second Amended Complaint (referred to here simply as the "Complaint"). Count III purports to state a claim for retaliation in violation of the Title VII prohibition against discrimination in employment.

Complaint ¶ 3 alleges, and the University's Answer ¶ 3 admits, (1) that Azhar is now a doctoral candidate at the University's School of Social Service Administration and (2) that in 2015 she had been an employee at the Chicago Center for HIV Elimination. But the University charges that Azhar has impermissibly sought to conflate those different relationships to claim that she was the victim of retaliation so as to bring Title VII into play. This Court has reviewed the University's motion, Azhar's Response in Opposition (the "Response") and the University's newly-filed Reply, and it finds that the University's position prevails.

To begin with, the Reply at 2 points to several respects in which Azhar's Response mischaracterizes -- indeed improperly rewrites -- her own allegations in the Complaint. And when the underbrush is cleared away, the only assertedly adverse action that antedated the termination of Azhar's employment relationship was that she "made a request for business cards since similarly-situated white students had already been given business cards" (Complaint ¶ 9) and that the request was not honored.

It places an undue strain on the concept of Title VII retaliation, which makes it an unlawful employment practice by an employer to discriminate against an employee because the latter has opposed an unlawful employment practice or has made a charge, testified or otherwise assisted in an investigation, proceeding or hearing under Title VII, for anyone to find that concept embraces the denial of a request for business cards. Moreover, here Azhar has not alleged that she actually voiced a complaint to anyone about her perceived unequal treatment in that respect, which would appear to be a necessary ingredient in a claim of retaliation (see Miller v. Am. Fam. Mut. Ins. Co., 203 F.3d 997, 1008 (7th Cir. 2000)).

It should be emphasized that the University's responsive pleading is an answer, not an effort to dismiss, Azhar's other two counts -- Count I, which charges the University with discrimination on the basis of race and national origin in violation of Title VII, and Count II, which invokes 42 U.S.C. § 1981 to charge the University with discrimination based on Azhar's race and color. This action will go forward on those claims.

                                                                       Milton I. Shadur
                                                                       Senior United States District Judge

Date: April 4, 2017